IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARLEYSVILLE INSURANCE GROUP | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 06-647 |
| | : | |
| JOHN WINIFORD CORPORATION OF DELAWARE d/b/a MARY ANN INTERIORS | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Harleysville Insurance Group ("Harleysville"), by way of Complaint against Defendant, John Winiford Corporation of Delaware d/b/a Mary Ann Interiors ("Mary Ann Interiors"), says:

**I.    THE PARTIES**

1.    Plaintiff, Harleysville Insurance Group, is a Tennessee Corporation with its principal place of business in Nationville, Tennessee and is authorized to conduct business in the state of Delaware.

2.    Defendant, John Winiford Corporation of Delaware d/b/a Mary Ann Interiors is a Delaware corporation with its principal place of business at 86 Atlantic Avenue, Ocean View, Delaware 19970.

**II.    JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, by reason of diversity of citizenship of the parties and the amount in controversy on the underlying claim exceeding $75,000, exclusive of interest and costs.

4. Furthermore, this Court has subject matter jurisdiction over this action pursuant to U.S.C. §2201, et seq., the Federal Declaratory Judgment Act.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because a substantial number of the events given rise to the underlying claims occurred in the state of Delaware.

### III. INTRODUCTION

6. Harleysville issued a Deluxe Business Owners Policy of Insurance, No. BO 1B4836 for the period of October 31, 2004 to October 31, 2005 to John Winiford Corp. of DE t/a Mary Ann's Interiors ("Mary Ann's Interiors").

7. The policy included coverage for property damage to Mary Ann's Interiors' building ("building coverage") and the business personal property within the building ("contents coverage") as well as coverage for the interruption of Mary Ann's Interiors' business in the event of a covered loss ("business interruption" or "business income" coverage).

8. On or about August 1, 2005, a fire occurred at the Mary Ann's Interiors location at 86 Atlantic Avenue in Ocean View, Delaware.

9. The following day, August 2, 2005, Mary Ann's Interiors placed Harleysville on notice of its claim for benefits under the policy as a consequence of the fire.

10. On that same date, August 2, 2005, Harleysville opened a claim and assigned Tower Insurance Services as an independent adjuster to evaluate the nature and size of the loss claimed by Mary Ann's Interiors. Mary Ann's Interiors, by contract dated August 15, 2005, retained Goodman-Gable-Gould Company/Adjusters International (hereinafter "Goodman"), a public adjusting firm, to act on behalf of Mary Ann's Interiors in connection with the claim.

11. Mary Ann's Interiors property damage claim was for building coverage, contents coverage and business interruption coverage.

12. The portion of the claim concerning building coverage has been resolved.

13. The portion of the claim for contents coverage has been resolved.

14. Between August, 2005 and January, 2006, Harleysville, by and through its representatives, requested information from Goodman concerning the business interruption claim. During this time frame, Goodman responded that it was still in the process of gathering the information requested and that when the information was gathered it would be forwarded to Harleysville.

15. Mary Ann's Interiors retained Rollins Accounting & Inventory, Inc. ("Rollins") to evaluate and quantify its business interruption claim. By letter dated January 24, 2006, Duncan McCleod of Rollins forwarded his Interim Business Income Extra Expense Loss Evaluation through May, 2006 in the amount of $187,961 to Christopher Logan of Harleysville.

16. By letter dated February 12, 2006 to Mr. Logan, Goodman requested an advance on the Business Income portion of the claim.

17. By letter to Goodman dated February 22, 2006, Mr. Logan of Harleysville advised that the information provided under McCleod's January 24, 2006 letter was incomplete in that it did not contain the documents requested to adequately evaluate the Business Income claim. As a consequence, Mr. Logan advised that Harleysville could not agree to the stated amount of $187,961 and could not justify the advanced payment referenced in Mr. Goodman's February 12, 2006 correspondence. Mr. Logan also advised Mr. Goodman that Harleysville had retained the services of Mr. Les Robson with Robson, P.C. to aid in the evaluation of the Business Income and Extra Expense portion of the claim.

18. By letter to Mr. Logan dated February 24, 2006, Mr. Goodman advised, among other things, that "the Business Income portion of this claim is complete and all the items you have requested are not necessary".

19. By letter dated March 1, 2006, Mr. Logan of Harleysville advised, among other things, that "in order to properly evaluate the Business Income portion of the claim, the

information we requested is necessary for review. Also, once that information is received for review, it may be necessary to request additional information".

20.   On that same date, Robson, P.C. sent a letter to Mr. McCleod at Rollins enclosing a Preliminary Document Request, noting that the Request "is for additional information necessary for us to evaluate the claim". Robson further noted that "upon receiving and reviewing the requested documents, we will likely have additional questions and may find it necessary to request additional documents. Therefore, the enclosed Request is not intended to be all-inclusive. If we do have questions or additional document needs, we will let you know promptly, so we can keep the claim moving toward a timely resolution".

21.   By letter dated March 6, 2006, Mr. Goodman responded to Harleysville's March 1, 2006 letter, advising, among other things, "it makes no sense to give you the other information at this time".

22.   By letter dated March 20, 2006, Mr. Goodman advised of Mary Ann's Interior's demand for appraisal in the Business Interruption part of the claim and identify Jeff Pence as Mary Ann's Interior's chosen appraiser.

23.   By letter to Mr. Goodman dated March 28, 2006, Mr. Logan of Harleysville advised, among other things:

> We feel that entering the appraisal process at this time may be premature as we have not been provided with the supporting information to adequately evaluate the Business Interruption portion of the claim. Without the supporting information we can not complete an accurate evaluation of the Business Interruption portion of the claim. A document request was forwarded to Mr. Duncan McCleod with Rollins Accounting on March 1, 2006. A copy of the letter is attached for review. As of the date of this letter, we have not received any of the requested information... Please obtain the information in the document request and forward it to Mr. Les Robson with Robson, P.C.

24. By letter dated April 5, 2006, Robson, P.C. followed up its March 1, 2006 letter to Rollins, again enclosing the Preliminary Document Request which had been forwarded on March 1, 2006.

25. By letter dated April 4, 2006 to Harleysville, Mr. Goodman responded to Harleysville's March 28, 2006 letter and advised, among other things, "you have all of the information necessary to evaluate the claim and if we can not agree to the 'length of time', then we will never agree to the loss".

26. By letter to Mr. Goodman dated April 7, 2006, Harleysville responded to Mr. Goodman's April 4, 2006 letter, stating:

> In your letter you have refused to submit the requested supporting documentation for the Business Income claim. The information has been requested multiple times for review. As you are aware, supplying us with the requested information is one of the conditions under the Policy.

Mr. Logan then outlined the provisions of the Policy concerning Mary Ann's Interiors "Duties in the Event of Loss or Damage". Mr. Logan then stated:

> As you can see, there are many duties under the Policy, including providing the requested information, completing a Proof of Loss and returning it with the supporting documentation, and resuming operations as quickly as possible.
>
> As we stated in our prior letter of March 26, 2006 (sic) we feel entering into the appraisal process without the requested information is premature. The insured needs to abide by the policy provisions and complete the attached Proof of Loss and return it to us with the requested documentation. Once we received the Proof of Loss and information, we will be in a position to review and respond to the insured.

27. By letter to Harleysville dated April 10, 2006, Mr. Goodman stated, among other things, "in your letter dated April 7, 2006, this was the first time you requested a Proof of Loss on the Business Income claim. The insured will submit the Proof of Loss within the sixty day limit, per the Policy conditions. All of the information has been submitted to determine the Loss

of Income claim but we will allow the umpire to make any decision as to additional information your appraiser needs, if you name one."

28. Thereafter, Mr. Goodman on behalf of Mary Ann's Interiors continued to press for the Business Interruption portion of the claim to proceed through the appraisal process without any additional information being provided by Mary Ann's Interiors to Harleysville.

29. Harleysville advised Mary Ann's Interiors on multiple occasions in writing that proceeding to the appraisal process was premature pending Harleysville's receipt of additional information it had requested from Mary Ann's Interiors.

30. Mr. Goodman on behalf of Mary Ann's Interiors has threatened to "take legal action" to prevent the involvement of Christopher Logan (the claims handler on behalf of Harleysville) in the handling of the claim and to disqualify the appraiser retained by Harleysville to assist in Harleysville's investigation.

31. The Policy provides, in relevant part:

E. PROPERTY LOSS CONDITIONS

   3. Duties in the Event of Loss or Damage

      a. You must see that the following are done in the event of loss or damage to Covered Property:

         (5). At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

         (6). As often as may be reasonably required, permit us to inspect the property proving the loss or damages and examine your books and records.

         Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

         (7). Send us a signed, sworn Proof of Loss containing the information we requested to settle the claim. You must do this within sixty days after our request. We will supply you with the necessary forms.

(8). Cooperate with us in the investigation or settlement of the claim.

(9). Resume all or part of your "operations" as quickly as possible.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

32. The Policy further provides:

PROPERTY LOSS CONDITIONS

2. Appraisal

If we and you disagree on the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they can not agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. pay its chosen appraisers; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

33. According to the provisions of the Policy as set forth above, Mary Ann's Interiors was obligated to provide to Harleysville in connection with the Business Interruption claim all documentation reasonably requested by Harleysville to evaluate the claim.

34. According to the Policy, the appraisal process is only to be invoked when Harleysville and Mary Ann's Interiors disagree "on the amount of loss" following the completion of Harleysville's investigation.

35. Because Mary Ann's Interiors has failed and/or refused to comply with the provisions of the Policy requiring Mary Ann's Interiors to provide the documentation necessary for Harleysville's evaluation of the Business Interruption claim, Harleysville has been unable to

complete its evaluation of the Business Interruption claim which is a prerequisite to the appraisal process.

36.   Mary Ann's Interiors' failure and/or refusal to provide the documentation requested by Harleysville in connection with the Business Interruption portion of the claim represents a material breach of the policy.

37.   As a direct and proximate result of Mary Ann's Interiors breach of the policy, Harleysville's ability to evaluate the Business Interruption claim has been prejudiced.

38.   Harleysville has exhausted all informal efforts, including numerous verbal and written requests, to secure Mary Ann's Interiors' compliance with those provisions of the Policy to permit Harleysville to properly and fully evaluate the Business Interruption claim.

WHEREFORE, Harleysville respectfully requests that judgment be entered as follows:

A.   A declaration that Harleysville owes no Business Interruption coverage to Mary Ann's Interiors as a consequence of Mary Ann's Interiors' material breach of the insurance policy:

IN THE ALTERNATIVE, Harleysville respectfully requests that judgment be entered as follows:

A.   A declaration that Mary Ann's Interiors must provide documentation responsive to Harleysville's requests, including but not limited to the requests set forth in the March 1, 2006 Preliminary Document Request from Robson, P.C. within thirty (30) days;

B.   That Mary Ann's Interiors be precluded from invoking the appraisal process pending an Order from this Court permitting the appraisal process to proceed, following (a) completion of Harleysville's investiagtion; and (b) disagreement between Harleysville and Mary Ann's Interiors concerning the amount of the loss on the Business Interruption claim.

                                        **MARSHALL, DENNEHEY, WARNER,**
                                        **COLEMAN & GOGGIN**

                                       _/s/ Daniel A. Griffith_
                                       Daniel A. Griffith, Esquire (I.D. No. 4209)
                                       1220 North Market Street, 5th Floor
                                       P.O. Box 8888
                                       Wilmington, DE 19899 – 8888
                                       Tel: 302.552.4317
                                       Fax: 302.651.7905
                                       e-mail: dgriffith@mdwcg.com
                                       _Counsel for Plaintiff_

Dated: October 19, 2006

\15_A\LIAB\DAGRIFFITH\LLPG\377043\JSSHANNON\08027\00103

JS-44 (Rev 11/04)

# CIVIL COVER SHEET

06-647

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Harleysville Insurance Company

### DEFENDANTS
John Winiford Corporation of Delaware d/b/a Mary Ann Interiors

(b) County of Residence of First Listed Plaintiff: Davidson County, Tennessee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Sussex County, Delaware
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number):
Daniel A. Griffith, 1220 N. Market St., Wilminton, DE 19899
302-552-4317

Attorneys (If Known): N/A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place An "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another District (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, 48 U.S.C. § 2201

Brief description of cause: Declaratory Judgment on Insurance Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ N/A

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
N/A (See instructions)
JUDGE: _____
DOCKET NUMBER: _____

DATE: October 19, 2006

SIGNATURE OF ATTORNEY OF RECORD: /s/

## FOR OFFICE USE ONLY
RECEIPT # 145107   AMOUNT $350.00   APPLYING IFP   JUDGE   MAG. JUDGE

— MAG NTC Receipt   — NO BI — using wANBRS

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06 - 647__

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__10/19/06__
(Date forms issued)

__Monty Pollard__
(Signature of Party or their Representative)

__Monty Pollard__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action